IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 18-cr-10057-STA-1 |
| ) | |
| MARK ANTHONY OWENS, ) | |
| ) | |
| Defendant. ) | |

**ORDER DIRECTING THE GOVERNMENT TO RESPOND**

On November 6, 2023, Defendant Mark Anthony Owens, a detainee held at the Shelby County Correctional Center in Memphis, Tennessee, filed *pro se* a Motion for Compassionate Release (ECF No. 150). On August 19, 2019, a grand jury returned a second superseding indictment against Defendant charging him in relevant part (Count 11) with being a convicted felon in possession of a firearm, a violation of 18 U.S.C. § 922(g)(1). On January 30, 2023, the Court accepted Defendant's change of plea on the felon-in-possession charge. On April 28, 2023, the Court sentenced Defendant to 120 months in the custody of the Bureau of Prisons to be followed by three years' supervised release. Defendant now requests compassionate release due to his serious health conditions.

According to Defendant's Motion, Defendant suffers from an unspecified terminal cancer, diabetes, and congestive heart failure. Defendant's physical condition has left him confined to a wheelchair. Based on the nature and severity of Defendant's health problems, Defendant believes that his possible exposure to a variant of COVID-19 would pose a serious

1

risk to his health. Defendant argues then that extraordinary and compelling reasons exist to grant him a sentence reduction. Defendant asks the Court to rule on his request on an expedited basis.

Defendant seeks release from custody under 18 U.S.C. § 3142(i). Under 18 U.S.C. § 3142(i), a federal court may permit the release of a person held in pretrial detention where release is necessary to prepare for trial or for some other compelling reason. At this stage of Defendant's case, however, he is no longer a pretrial detainee. Defendant stands convicted of one of the charges against him and is serving a term of imprisonment imposed by the Court as part of its judgment in his criminal case. The Court will therefore construe Defendant's Motion as a request for compassionate release. The First Step Act authorizes courts to modify a term of imprisonment for "extraordinary and compelling reasons" that "warrant such a deduction." 18 U.S.C. § 3582(c)(1)(A)(i). The Sixth Circuit has described the First Step Act's compassionate release provision as an exception to the general rule that "a district court may not reduce a defendant's sentence after imposing it." *United States v. Conley*, No. 18-5582, 2019 WL 2403230, at *2 (6th Cir. Jan. 9, 2019) (citing *United States v. Doe*, 731 F.3d 518, 522 (6th Cir. 2013)). The First Step Act gives a sentencing court discretion to "reduce the term of imprisonment" and/or replace "the unserved portion of the original term of imprisonment" with a term of supervised release. § 3582(c)(1)(A)(i).

The First Step Act permits courts to act only on motion of (1) the Bureau of Prisons or (2) the defendant himself after the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A)(i). Exhaustion of all administrative remedies is mandatory. *United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020). According to information provided

to the Court by the Bureau of Prisons, Defendant was recently designated for transfer to a BOP facility to serve his sentence. Because Defendant is not yet at a BOP facility, it is not clear that Defendant has not exhausted his administrative remedy or that Defendant had any available administrative remedies to exhaust. What is more, the BOP now projects a release date of February 18, 2024, a little more than three months away. By the time Defendant arrives at a BOP facility and pursues an administrative request for compassionate release, Defendant will likely be at or very near the end of his sentence.

Under the circumstances, the Court orders the United States to respond to Defendant's Motion and address whether compassionate release is warranted. The government's response is due on or before November 29, 2023.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: November 8, 2023